UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RYAN DENVER,<br><br>            Plaintiff,<br><br>v.<br><br>UNITED STATES COAST GUARD,<br><br>            Defendant. | Civil Action No. 1:23-10202-AK |

## ANSWER TO COMPLAINT

Defendant, the United States Coast Guard, hereby answers the Complaint in the above-captioned matter as follows:

By way of general response, all allegations made or intended to be made against Defendant are denied unless specifically admitted, and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculations stated, incorporated, or implied in connection therewith. Defendant reserves its right to amend this Answer if appropriate following further investigation in this matter. The foregoing is incorporated into each paragraph of this Answer.

1. This paragraph characterizes the legal action and therefore requires no response. Answering further, Defendant denies that it has refused to comply with its legal obligations but admits that no documents have been produced to date. Defendant states that the last sentence makes a mixed assertion of fact and law; to the extent a response is required, the allegations are denied.

2. This paragraph states a conclusion of law as to which no response is required.

3. This paragraph states a conclusion of law as to which no response is required.

4. Defendant lacks sufficient information to form a belief as to the truth or accuracy of the allegations and therefore denies same.

5. This paragraph states a conclusion of law as to which no response is required; answering further, Defendant states that the Department of Homeland Security is the agency within the meaning of FOIA. 5 USC 552(f)(1).

6. Admitted.

7. Admitted.

8. The allegations of the first sentence are admitted; as to the remaining allegations, Defendant lacks sufficient information to form a belief as to the truth or accuracy of the allegations and therefore denies same.

9. Admitted.

10. Defendant lacks sufficient information to form a belief as to the truth or accuracy of the allegations and therefore denies same. Answering further, Defendant specifically denies the allegations of the last sentence of the paragraph. Defendant has investigated the existence of responsive documents and is compiling those documents for review and possible redaction.

11. The allegations of the first sentence are admitted; as to the remaining allegations, Defendant lacks sufficient information to form a belief as to the truth or accuracy of the allegations and therefore denies same.

12. Defendant lacks sufficient information to form a belief as to the truth or accuracy of the allegation and therefore denies same.

13. This paragraph characterizes Plaintiff's motive, as to which Defendant lacks sufficient information to form a belief as to the truth or accuracy of the allegations and therefore denies same.

14. Defendant re-incorporates its answers to paragraphs 1-13.

15. This paragraph states a conclusion of law as to which no response is required.

16. Admitted.

17. Admitted.

18. Denied.

19. This paragraph characterizes Plaintiff's request for relief, as to which no response is required.

20. Defendant re-incorporates its answers to paragraphs 1-19.

21. Admitted.

22. This paragraph states an interpretation of a statute, which speaks for itself. Answering further, Defendant denies that the statute itself makes "requests."

23. This paragraph characterizes Plaintiff's request for relief, as to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to an award of fees and, moreover, avers that the conclusion is premature in any event.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Any information that Defendant has withheld, or will withhold, in response to Plaintiff's FOIA request may be exempt in whole or in part from public disclosure under the FOIA, 5 U.S.C. § 552 *et seq.*, and the Privacy Act, 5 U.S.C. § 552a, *et seq.*

### THIRD AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over any matter to the extent Plaintiff failed to satisfy prerequisites to suit, as well as over any requests or allegations that are not contained in a FOIA request at issue in this action.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to attorneys' fees or costs in this action.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's requests submitted under FOIA, 5 U.S.C. § 552, as amended, did not reasonably describe the records sought.

### SIXTH AFFIRMATIVE DEFENSE

There is no provision of the FOIA for obtaining declaratory relief. At all times alleged in the Complaint, Defendant was acting in good faith, with justification, and pursuant to authority.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants are entitled to appropriate fees for their searches and responses to Plaintiff's FOIA requests in accordance with applicable law.

### EIGHT AFFIRMATIVE DEFENSE

To the extent that the Complaint refers to or quotes from external documents or other sources, USCG's answer may refer to these materials; however, USCG's references are not intended to be, nor should they be construed to be, an admission that the materials cited in Plaintiff's Complaint are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this or any other action; or (c) admissible in this or any other action.

Defendant respectfully requests and reserves the right to amend, alter, and supplement the

defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known through the course of the litigation.

WHEREFORE, Defendant prays that:

1. Plaintiff take nothing by its Complaint;

2. The Complaint be dismissed with prejudice;

3. No injunctive relief be awarded to Plaintiff;

4. Defendant be awarded its costs of suit;

5. Judgment be entered in favor of Defendant;

6. The Court grant such other and further relief as it may deem proper.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

Dated: March 5, 2023         By:   */s/ Thomas E. Kanwit*
                                   Thomas E. Kanwit
                                   Assistant U.S. Attorney
                                   U.S. Attorney's Office
                                   John J. Moakley U.S. Courthouse
                                   1 Courthouse Way, Suite 9200
                                   Boston, MA  02210
                                   Tel.: 617-748-3100
                                   Email: thomas.kanwit@usdoj.gov


**CERTIFICATE OF SERVICE**

I, Thomas E. Kanwit, Assistant United States Attorney, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated:  March 5, 2023         By:   */s/ Thomas E. Kanwit*
                                    Thomas E. Kanwit

Assistant United States Attorney