UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RYAN DENVER,<br><br>     Plaintiff,<br><br>v.<br><br>THE UNITED STATES COAST GUARD<br><br>     Defendant. | Case No. 1:23-10202-AK |

## JOINT STATUS REPORT

The parties hereby file their Joint Status Report as ordered by the Court on April 28, 2023.

### Background

Plaintiff Ryan Denver brought this underlying suit against the U.S. Coast Guard ("USCG") under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory relief to compel compliance with the requirements of FOIA. Specifically, Mr. Denver is seeking to have the USCG respond to FOIA requests, some of which have been pending for over twenty months, in addition to attorney's fees pursuant to 5 U.S.C. §552(a)(4)(E). Mr. Denver seeks these documents in connection with a pending criminal matter in Suffolk County Superior Court.

### Status of Plaintiff's Outstanding FOIA Requests

a. **Plaintiff's Response:**

Plaintiff received a production from the USCG on April 28, 2023. The production contains written documents, photographs, and radio calls. Plaintiff understands that the USCG's production is not complete, and expects to receive additional documents from the USCG.

b. **<u>Defendant's Response:</u>**

Defendant has prioritized responding to Plaintiff's FOIA request on an expedited basis in light of Plaintiff's state court deadline. USCG does not have an extensive FOIA staff, however, unlike many federal agencies. Nonetheless, it is proceeding on several tracks simultaneously. The FOIA officer is processing documents and getting them to agency counsel for legal review. Agency counsel is in discussions with the FOIA officer frequently about this process and about the sufficiency of the searches conducted. USCG continues to gather responsive documents while processing and producing documents. Not all of the documents gathered have been received by USCG counsel for internal review yet; counsel is pushing for that to occur at once.

Specifically, much of the MISLE case file, which is the USCG's database for recording an event like a collision to a light and the resulting investigation or actions taken by the USCG with regard to a maritime casualty incident, has been processed and produced. USCG believes all related documents in this category will be produced by May 11, 2023.

As to documents relating to the USCG investigation of the accident underlying the FOIA requests, there was no full marine casualty investigation, since the Commonwealth did that and the USCG stood down. But the documents that USCG has found relating to the accident have been produced in the first batch sent out last Friday. If additional documents are located, they will be prioritized for production by the May 11 deadline.

As to general repair and maintenance records for the safety device/light, agency counsel has been informed that at least a portion of these have been gathered. Counsel at USCG is waiting for delivery for his review. It is expected that these documents will be produced by May 11, 2023.

As to policies, checklists, etc. relating to maritime accident investigations, counsel understands that this request is not a top priority for Plaintiff. USCG is still gathering documents

for this request, but they have not yet been received by USCG counsel for review. Again, USCG did not conduct a full investigation of this accident, I am told, but deferred to the Commonwealth, so the relevance and importance of these documents would appear to be attenuated.  That said, USCG is working on gathering these documents.  Some of it may be withheld under the law enforcement privilege, but we don't know yet because agency counsel has not received them.  It is unclear if these will be produced by May 11, 2023.

Regarding the audio files, the radio transmission records were produced to Plaintiff in the first batch.  Today, USCG counsel forwarded the Command Center audio files (telephone calls) to undersigned counsel.  The United States Attorney's Office ("USAO") will set up a review and redaction team this week and the expectation is that these documents/recordings will be produced by the May 11, 2023 deadline.  Since the recordings have not been listened to yet by undersigned counsel, it is unclear how easy it will be to train USAO personnel as it is unknown how technical the contents of the calls are and the USAO has not, to counsel's knowledge, ever conducted such a review before.

As to emails with the Commonwealth (Maritime Environmental Police and/or Suffolk County District Attorney's Office), USCG is still searching to see if any responsive records exist.  If any are located, a determination as to whether law enforcement or investigative technique privileges will be asserted must be made.  Defendant intends to complete this process by May 11, 2023 as well.

Dated:  May 1, 2023

Respectfully submitted,

RYAN DENVER,

By his attorney,

 /s/   Elizabeth R. Farrenkopf
Michelle R. Peirce, BBO # 557316
Elizabeth Farrenkopf, BBO #705332
Hinckley Allen & Snyder LLP
28 State Street
Boston, MA 02109
efarrenkopf@hinckleyallen.com
mpeirce@hinckleyallen.com
617-345-9000

RACHAEL S. ROLLINS
United States Attorney

 /s/  Thomas E. Kanwit
Thomas Kanwit
Assistant United States Attorneys
John Joseph Moakley U.S. Courthouse
One Courthouse Way, Suite 9200
Boston, MA 02210
Thomas. Kanwit @usdoj.gov
617-748-3271

### CERTIFICATE OF SERVICE

Undersigned counsel certifies that filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Elizabeth R. Farrenkopf
Elizabeth R. Farrenkopf

Dated:  May 1, 2023